UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BABACAR DIENG,<br><br>                            Plaintiffs,<br><br>    -against-<br><br>NEW YORK CITY NYPD et al.,<br><br>                            Defendants. | 24-CV-01834 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

    This case was filed on March 10, 2024. Dkt. 1. Defendant New York City NYPD missed the deadline to answer, but a few days later, asked this Court to (1) refrain from entering a default or default judgment against it and (2) extend the time to answer. Dkt. 12. Because the New York City NYPD has now appeared, the Court will not enter a default. Even if a default had been entered, there would be good cause to vacate it, given that the default was not willful, defense counsel requested an extension just a few days after the deadline to answer passed, and setting aside the default would not prejudice the party for whom default was awarded. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

    Defendants' application for an extension of the time to answer is granted. The new deadline for all defendants to answer or otherwise respond to the complaint is June 14, 2024.

    The application to request pro bono counsel is denied. To prevail on such a request, the litigant must first show that he is indigent. *Louime v. Pressley*, 2024 WL 497840, at *1 (S.D.N.Y. Jan. 11, 2024). "The Court must then consider whether the litigant's claim seems likely to be of substance—a requirement that must be taken seriously." *Id.* (internal quotation marks omitted); *see Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173–74 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). First, the New York City NYPD and New York City FDNY are

agencies of the City of New York and cannot be sued directly. *See Moore v. New York City Police Dep't*, 2023 WL 5935696, at *2 (S.D.N.Y. Sept. 12, 2023); *Bailey v. New York City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); *E. Coast Novelty Co. v. City of New York*, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992). Second, at this juncture, the Court cannot make the determination that plaintiff's claims meet the requirement that they are "likely to be of substance—a requirement that must be taken seriously." *Louime*, 2024 WL 497840, at *1; *Cooper*, 877 F.2d at 174 (noting the "importance of our ruling in *Hodge* [*v. Police Officers*, 802 F.2d 58 (2d Cir. 1986)] requiring an indigent seeking a free lawyer to first pass the test of likely merit"). If, as this litigation progresses, plaintiff can allege or show additional facts to support his contentions, he may renew his application at that time.

The Clerk of Court is directed to terminate the motions at Dkts. 10, 12.

SO ORDERED.

Dated: May 9, 2024

New York, New York

                                      ARUN SUBRAMANIAN
                                      United States District Judge