24 Civ. 01834 (AS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BABACAR DIENG

                                        Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

                                        Defendants.

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Joseph Zangrilli*
*Tel:  (212) 356-2599*
*Matter #:  2024-035246*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... II

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

STANDARD OF REVIEW ....................................................................................................... 3

ARGUMENT

    POINT I

        PLAINTIFF'S CLAIMS ARE TIME-BARRED ........................................ 4

    POINT II

        NYPD AND FDNY ARE NON-SUABLE ENTITIES ............................................................................................. 5

    POINT III

        PLAINTIFF HAS FAILED TO PLEAD A FIRST AMENDMENT FREEDOM OF RELIGION CLAIM ............................................................................................. 6

    POINT IV

        PLAINTIFF HAS FAILED TO PLEAD A CONSPIRACY ........................................................................... 8

    POINT V

        PLAINTIFF HAS FAILED TO PLEAD AN EQUAL PROTECTION CLAIM ............................................................. 11

    POINT VI

        PLAINTIFF HAS FAILED TO PLEAD AN 8TH AMENDMENT CLAIM ........................................................................... 13

CONCLUSION ........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Allen v. Antal,
   665 Fed. Appx. 9 (2d Cir. 2016)..................................................................................9

Andrews v. DHS,
   No. 1:19-CV-5622 (CM), 2019 U.S. Dist. LEXIS 133733
   (S.D.N.Y. Aug. 7, 2019).............................................................................................5

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)...................................................................................................3

Barr v. Abrams,
   810 F.2d 358 (2d Cir. 1987).....................................................................................12

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)...................................................................................................3

Bey v. City of New York,
   2017 U.S. Dist. LEXIS 148349
   (E.D.N.Y. September 13, 2017).................................................................................3

Britt v. Garcia,
   457 F.3d 264 (2d Cir. 2006).......................................................................................9

Brock v. City of New York,
   2022 U.S. Dist. LEXIS 147554,
   2022 WL 3445732 .....................................................................................................6

California v. Ciraolo,
   476 U.S. 207 (1986).................................................................................................11

Cent. Rabbinical Cong. of U.S. & Can. v. N.Y.C. Dep't of Health & Mental
   Hygiene,
   763 F.3d 183 (2d Cir. 2014).......................................................................................6

Cine SK8, Inc. v. Town of Henrietta,
   507 F.3d 778 (2d Cir. 2007).......................................................................................9

Denton v. Hernandez,
   504 U.S. 25 (1992).....................................................................................................3

Dolan v. Connolly,
   794 F.2d 290 (2d Cir. 2015).......................................................................................9

**Cases**                                                                                                                                                        **Pages**

Ellul v. Congregation of Christian Bros.,
    774 F.3d 791 (2d Cir. 2014)..................................................................................................4

Encarnacion v. Goord,
    2014 U.S. Dist. LEXIS 206985
    (W.D.N.Y. Nov. 6, 2014)........................................................................................................12

Florida v. Riley,
    488 U.S. 445 (1989)...............................................................................................................12

Gallop v. Cheney,
    2010 U.S. Dist. LEXIS 25489 (S.D.N.Y. Mar. 15, 2010)3
    aff'd Gallop v. Cheney, 642 F.3d 364 (2d Cir. 2011)............................................................10

Gallop v. Cheney,
    642 F.3d 364 (2d Cir. 2011).....................................................................................................3

Harris v. City of New York,
    186 F.3d 243 (2d Cir. 1999)....................................................................................................4

Harris v. Nassau Cnty.,
    No. 13-CV-4728, 2016 U.S. Dist. LEXIS 68136, 2016 WL 3023265
    (E.D.N.Y. May 24, 2016) ......................................................................................................11

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013).....................................................................................................4

Ingraham v. Wright,
    430 U.S. 651 (1977)...............................................................................................................13

Iosilevich v. City of N.Y.,
    No. 22-CV-3714 (RPK) (LB), 2023 U.S. Dist. LEXIS 77328
    (E.D.N.Y. May 3, 2023)...........................................................................................................5

Iowa Pub. Employees' Ret. Sys. V. MF Global, Ltd.,
    620 F.3d 137 (2d Cir. 2010).....................................................................................................3

Johnson v. Bragg,
    No. 1:22-CV-8651 (LTS), 2022 U.S. Dist. LEXIS 229871
    (S.D.N.Y. Dec. 20, 2022)...................................................................................................... 5-6

Katz v. United States,
    389 U.S. 347 (1967)...............................................................................................................11

Kennedy v. Bremerton Sch. Dist.,
    142 S. Ct. 2407, 213 L. Ed. 2d 755 (2022)..............................................................................6

**Cases**                                                                                                           **Pages**

Marom v. Town of Greenburgh,
   No. 13-CV-4733, 2015 U.S. Dist. LEXIS 21759,
   2015 WL 783378 (S.D.N.Y. Feb. 23, 2015)................................................................11

McDaniel v. City of New York,
   585 F. Supp. 3d 503 (S.D.N.Y. Feb. 15, 2022)..........................................................8

McDonald v. City of New York,
   20-CV-4614 (MKB), 2022 U.S. Dist. LEXIS 84310,
   2022 WL 1469395 (E.D.N.Y May 10, 2022)..............................................................5

McGee v. Dunn,
   672 Fed. Appx. 115 (2d Cir. 2017)...............................................................................9

Miner v. Clinton County,
   541 F.3d 464 (2d Cir. 2008).........................................................................................11

Modos Chofetz Chaim, Inc. v. RBS Citizens, N.A.,
   14 F.Supp.3d 191 (S.D.N.Y. 2014)..............................................................................4

Noskov v. Roth,
   No. 19 Civ. 7431 (RA), 2020. U.S. Dist. LEXIS 126411
   (S.D.N.Y. July 17, 2020) ......................................................................................... 3-4

Owens v. Okure,
   488 U.S. 235 (1989)......................................................................................................4

Pangburn v. Culbertson,
   200 F.3d 65 (2d Cir. 1999)...........................................................................................8

Pani v. Empire Blue Cross Blue Shield,
   152 F.3d 67 (2d Cir. 1998)...........................................................................................3

Pearl v. City of Long Beach,
   296 F.3d 76 (2d Cir. 2002)...........................................................................................4

Phillips v. Girdich,
   408 F.3d 124 (2d Cir. 2005).......................................................................................11

Pino v. Ryan,
   49 F.3d 51 (2d Cir. 1995).............................................................................................4

Saidin v. City of New York,
   2019 U.S. Dist. LEXIS 100658
   (June 14, S.D.N.Y. 2019).............................................................................................5

**Cases**                                                                                                                      **Pages**

Shak v. JPMorgan Chase & Co.,
   156 F.Supp.3d 462 (S.D.N.Y. 2016)...................................................................................4

Thea v. Kleinhandler,
   807 F.3d 492 (2d Cir. 2015)..............................................................................................4

United States v. Knotts,
   460 U.S. 276 (1983).................................................................................................11, 12

Vega v. Hempstead Union Free Sch. Dist.,
   801 F.3d 72 (2d Cir. 2015)..............................................................................................11

Village of Arlington Heights v. Met. Hous. Dev. Corp.,
   429 U.S. 252, 97 S. Ct. 555,
   50 L. Ed. 2d 450 (1977)..................................................................................................11

Walters v. Indus. and Commercial Bank of China, Ltd.,
   651 F.3d 280 (2d Cir. 2011)..............................................................................................4

Whitley v. Albers,
   475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).................................................12

Williams v. Dep't of Corr.,
   00 Civ. 1928 (LTS) (RLE), 2001 U.S. Dist. LEXIS 17493
   (S.D.N.Y. Oct. 22, 2001)..................................................................................................5

**Statutes**

28 U.S.C. § 1915(d)................................................................................................................4

42 U.S.C. § 1983........................................................................................................4, 5, 8, 9

42 U.S.C. § 1985....................................................................................................................8

42 U.S.C. § 1985(3)...............................................................................................................9

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 3, 13

N.Y.C. Charter ch. 17 § 396 ..................................................................................................5

**PRELIMINARY STATEMENT**

Plaintiff *pro se* Babacar Dieng alleges that for the past twenty-two years, the New York City Police Department ("NYPD") and New York City Fire Departments ("FDNY") have tracked, followed, and intimidated him throughout various locations across New York City. The activities that he alleges encompass this surveillance include: observing NYPD officers standing on subway platforms and trains: observing officers driving or parking marked NYPD vehicles on public streets when Plaintiff was present; observing planes and helicopters in the sky; and seeing NYPD generally patrolling the city in public places at times in which he is also present. Plaintiff asserts that he has made similar complaints regarding the alleged surveillance to the Civilian Complaint Review Board, the NYC Human Rights Commission, the City Comptroller's Office, and the Department of Justice before filing this lawsuit. Defendants are sympathetic to Plaintiff's belief that he is being surveilled, but at bottom, he has failed to set forth nearly enough factual specificity to support his conclusory claims, nor is there any reasonable expectation of privacy in movements when traveling from one public place to another. Defendants now move to dismiss the claims against the NYPD and FDNY.

As an initial matter, Plaintiff's Amended Complaint does not allege that any identified defendants improperly detained him, searched him or his property, falsely arrested him, maliciously prosecuted him, denied him his right to a fair trial, abused legal process, used excessive force, or violated any other recognized cognizable constitutional right for which an individual could seek redress. Defendants submit this memorandum of law in support of their motion to dismiss the Amended Complaint filed on June 3, 2024, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the NYPD and FDNY are non-suable entities, many of the allegations are time-barred and Plaintiff has failed to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

Plaintiff filed an amended complaint in this case on June 3, 2024, alleging that for over two decades, he has been the target of repeated surveillance, tracking, intimidation and harassment by unidentified members of the NYPD, FDNY, employers, and different college and university staff. (ECF Dkt. No. 21-1, Amended Complaint at p. 5 of 35.) Plaintiff further alleges that these actions were motivated solely by his race, religion and African descent. (Id.) Plaintiff claims, without evidence, that the NYPD has surveilled his movements throughout various neighborhoods in New York City using marked and unmarked vehicles. (Id. at p. 7 of 35.) Plaintiff also describes an incident, without providing a date or location, in which an FDNY firetruck parked behind him while he was waiting for assistance for a flat tire. (Id at pg. 8 of 35.) Plaintiff does not purport to have had an interaction with anyone from the FDNY but in conclusory fashion, asserts that this act of parking behind him was part of the larger surveillance campaign being employed against him. (Id.)

On February 23, 2024, Plaintiff was traveling to JFK airport via the ACE line. (Id at pg. 11 of 35.) While transferring from the C to the A, Plaintiff had to stand on the platform for approximately 3 minutes. (Id.) During that time, he observed the arrival of several uniformed NYPD officers. (Id.) Plaintiff does not allege that there was any interaction but took photographs of the officers. (Id.)

Plaintiff also alleges generally that he was subjected to surveillance in public spaces, "including subway stations, shopping areas, and residential neighborhoods" and that he was stopped at traffic checkpoints and issued traffic violations. (Id at pp. 9-10 of 35.) Plaintiff has attached several photographs to his Amended Complaint – some dated and some undated – depicting various unidentified police officers standing or parked in different locations including on subway platforms or other public spaces. (ECF Dkt. No. 21-1, Amended Complaint). Plaintiff

also asserts that he observed NYPD officers on July 24, 2020, August 27, 2020, August 30th or 31st, 2021, September 7, 2022 and November 6, 2022, in various public spaces but doesn't purport to have had any interaction. (Id.)

## STANDARD OF REVIEW

Rule of Procedure 12(b)(6) allows for a pleading to be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss under Federal Rule of Procedure 12(b)(6), a complaint must contain a "short and plain statement of the claim" that, if accepted as true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The factual allegations of the complaint must be more than speculative and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." Twombly, 550 U.S. at 555. The pleading must include facts that articulate more than "a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678.

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Further, "mere conclusory statements", "threadbare recitals of the elements of a cause of action," or allegations that are "'clearly baseless'… 'fanciful,' 'fantastic,' or 'delusional'" need not be considered as fact. Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (quoting Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)); Bey v. City of New York, 2017 U.S. Dist. LEXIS 148349 (E.D.N.Y. September 13, 2017) (granting dismissal where unsupported allegations of widespread conspiracy carried out by fellow employees rendered plaintiff's claims implausible).

Finally, affirmative defenses may be raised in a pre-answer Rule 12(b)(6) motion if "the defense appears on the face of the complaint." Iowa Pub. Employees' Ret. Sys. V. MF Global,

3

Ltd., 620 F.3d 137, 145 (2d Cir. 2010) (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998)). This includes the defense that the statute of limitations has expired. See Noskov v. Roth, No. 19 Civ. 7431 (RA), 2020. U.S. Dist. LEXIS 126411, *9-10 (S.D.N.Y. July 17, 2020) (citing Thea v. Kleinhandler, 807 F.3d 492, 501 (2d Cir. 2015) (quoting Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014)). "Dismissing claims on statute of limitations grounds at the complaint stage 'is appropriate only if a complaint clearly shows the claim is out of time.'" (Id. at *10) (citing Shak v. JPMorgan Chase & Co., 156 F.Supp.3d 462, 474 (S.D.N.Y. 2016) (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)); see also Modos Chofetz Chaim, Inc. v. RBS Citizens, N.A., 14 F.Supp.3d 191, 209 (S.D.N.Y. 2014) ("Because the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run.") (alterations internal quotation marks, and citation omitted).

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE TIME-BARRED

Plaintiff alleges that he has been persistently surveilled by the NYPD for the past twenty-two years. (ECF Dkt. No. 21-1, Amended Complaint at p. 5 of 35.) The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions," Owens v. Okure, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. Pearl v. City of Long Beach, 296 F.3d 76, 79-80 (2d Cir. 2002). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013). Dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the

4

pleading. Walters v. Indus. and Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011); see also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (affirming sua sponte dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds).

In Saidin v. City of New York, this Court dismissed a complaint on statute of limitation grounds where Plaintiff alleged that in 2007, he was the subject of unlawful surveillance because he is Muslim. 2019 U.S. Dist. LEXIS 100658, *4 (June 14, S.D.N.Y. 2019). Here, Plaintiff references incidents dating back to 2011, 2012, 2013, 2018, and 2019 and further states that this alleged surveillance has been going on since the early 2000s. (ECF Dkt. No. 21-1, Amended Complaint at pp. 10-16 of 35). As the statute of limitations for a Section 1983 claim is three years, the majority of Plaintiff's claims are time barred.[1]

## POINT II

### NYPD AND FDNY ARE NON-SUABLE ENTITIES

It is well settled law that an agency of the City of New York cannot be sued independently. See Williams v. Dep't of Corr., 00 Civ. 1928 (LTS) (RLE), 2001 U.S. Dist. LEXIS 17493, at *12 (S.D.N.Y. Oct. 22, 2001). The New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter ch. 17 § 396; Andrews v. DHS, No. 1:19-CV-5622 (CM), 2019 U.S. Dist. LEXIS 133733, at *9 (S.D.N.Y. Aug. 7, 2019) (dismissing an action against the NYPD as a non-suable entity);

---

[1] Even considering Governor Cuomo's Executive Order tolling the statute of limitations as a result of the Covid-19 pandemic, the claims are still time-barred. Several federal courts have tolled the statute of limitation for such claims from March 20, 2020 to November 3, 2020, a period of 228 days. McDonald v. City of New York, 20-CV-4614 (MKB), 2022 U.S. Dist. LEXIS 84310, 2022 WL 1469395, at *3 (E.D.N.Y May 10, 2022). 2. Even taking the Governor's Cuomo toll on the statute of limitations into account, any claims occurring before 2020 would be time-barred.

5

Iosilevich v. City of N.Y., No. 22-CV-3714 (RPK) (LB), 2023 U.S. Dist. LEXIS 77328, at *4-5 (E.D.N.Y. May 3, 2023) (dismissing an action against the NYPD as a non-suable entity); Johnson v. Bragg, No. 1:22-CV-8651 (LTS), 2022 U.S. Dist. LEXIS 229871, at *7 (S.D.N.Y. Dec. 20, 2022) (dismissing an action against the NYPD as a non-suable entity). As such, all of Plaintiff's claims against the NYPD and FDNY fail for this reason alone.

### POINT III

**PLAINTIFF HAS FAILED TO PLEAD A FIRST AMENDMENT FREEDOM OF RELIGION CLAIM**

To claim that the government violated an individual's free exercise of religion as protected by the First Amendment, a plaintiff must show 'that a government entity has burdened his sincere religious practice pursuant to a policy that is not neutral or generally applicable.'" Brock v. City of New York, 2022 U.S. Dist. LEXIS 147554, 2022 WL 3445732, at *2 (quoting Kennedy v. Bremerton Sch. Dist., 142 S. Ct. 2407, 2422, 213 L. Ed. 2d 755 (2022)). "Should a plaintiff make such a showing, the government action is subject to strict scrutiny review." Id. "If not, rational basis review applies." Id. (citing Cent. Rabbinical Cong. of U.S. & Can. v. N.Y.C. Dep't of Health & Mental Hygiene, 763 F.3d 183, 193 (2d Cir. 2014)).

Here, Plaintiff has not alleged that members NYPD or the FDNY have burdened his religious practice in any way. (See generally ECF Dkt. No. 21-1, Amended Complaint). He has not alleged that officers ever prevented him from entering a mosque or any other religious center, nor did any officer ever threaten to prevent him from practicing his faith. (Id.) In conclusory fashion, Plaintiff forms the basis of his claims on allegations that he frequently observes NYPD officers in public spaces. Plaintiff attached several photographs of NYPD officers standing on subway platforms and parking on public streets, however, none of these individuals appear to be

looking in Plaintiff's direction and he does not claim any interaction actually occurred. (ECF Dkt. No. 21-1, at pp. 12-28 of 35).



Amended Complaint, ECF Dkt. No. 21-1, at p. 21 of 35

Amended Complaint, ECF Dkt. No 21-1, at p. 20 of 35

7



| Amended Complaint, ECF Dkt. No. 21-1, at p. 28 of 35 | Amended Complaint, ECF Dkt No. 21-1 at p. 13 of 35 |

Plaintiff also claims that on one occasion, while he was waiting for a mechanic to tow his car, an FDNY truck parked behind him on a public street. (ECF Dkt. No 21-1, Amended Complaint at p. 10 of 35.) Plaintiff fails to explain how any of these incidents are connected to the practice of his faith, nor has he explained how he was injured. Plaintiff's Amended Complaint is entirely devoid of factual support of a First Amendment claim, and therefore it should be dismissed.

### POINT IV

### PLAINTIFF HAS FAILED TO PLEAD A CONSPIRACY

Plaintiff's Amended Complaint alleges collusion between members of the NYPD and FDNY, City University faculty, and CUNY faculty, asserting that these parties have been surveilling him for over two decades. (See generally ECF Dkt. No. 21-1, Amended Complaint). Defendants construe this liberally to mean Plaintiff is asserting conspiracy claims pursuant to 42 U.S.C. §§ 1983 and 1985. As Plaintiff does not plausibly allege conspiracies under either statute, these claims should be dismissed.

8

In order to prove a Section 1983 conspiracy claim, a plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal, causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." McDaniel v. City of New York, 585 F. Supp. 3d 503, 521 (S.D.N.Y. Feb. 15, 2022) (citation and quotation omitted). When a plaintiff fails to allege specific facts that defendants acted pursuant to an agreement to violate a plaintiff's rights, a § 1983 conspiracy claim must be dismissed. See McDaniel, 585 F. Supp. 3d 503 at 521.

"A conspiracy claim under Section 1985(3) requires a plaintiff to allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or deprived of any right or privilege of a citizen of the United States.'" See Dolan v. Connolly, 794 F.2d 290, 296 (2d Cir. 2015) (quoting Britt v. Garcia, 457 F.3d 264, 269 n. 4 (2d Cir. 2006). The conspiracy must also be "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." See Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 791 (2d Cir. 2007).

Here, Plaintiff has failed to allege facts to allege a conspiracy under Section 1983 or Section 1985(3). As discussed in Point II, *supra*, Plaintiff forms the basis of his claim of surveillance on the fact that he often observes NYPD officers patrolling in public spaces. Plaintiff does not provide any factual basis to support a "meeting of the minds" to achieve this unlawful end that is required for a viable conspiracy claim. See Allen v. Antal, 665 Fed. Appx. 9, 14-15 (2d Cir. 2016) ("A

9

complaint containing only conclusory, vague, or generally allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.") see also McGee v. Dunn, 672 Fed. Appx. 115, 116 (2d Cir. 2017).  Plaintiff merely alleges collusion, without providing a single specific corroborating fact to support that any officer or official has ever entered into an agreement to violate Plaintiff's rights.  Aside from a vague reference to "falsely accusing Plaintiff of traffic violations" and "conducting checkpoints" the Amended Complaint fails to allege that any member of the NYPD or FDNY ever arrested him, stopped him, or even spoke to him.  Instead, Plaintiff asserts a myriad of ambiguous allegations that the NYPD and FDNY have, together, been following him for twenty-two years. (ECF Dkt. No. 21-1, Amended Complaint at p. 5 of 35.)  In support of his claim that a conspiracy exists, Plaintiff has filed a plethora of photographs, that depict helicopters flying in the sky above him, which he claims to be NYPD. (See Pl's May 8th Letter, ECF No. 12.)



Pl.'s May 8, 2024 letter, ECF No. 12

This Court should dismiss the conspiracy claims against Defendants because "[c]ourts have not hesitated to dismiss complaints asserting delusional claims of conspiracy." See Gallop v. Cheney, 2010 U.S. Dist. LEXIS 25489 * 14 (S.D.N.Y. Mar. 15, 2010)3 aff'd Gallop v. Cheney, 642 F.3d 364 (2d Cir. 2011). It is clear that Plaintiff has failed to plausibly plead sufficient facts to show support for viable conspiracy claims, and any such claim should be dismissed.

## POINT V

### PLAINTIFF HAS FAILED TO PLEAD AN EQUAL PROTECTION CLAIM

In wholly conclusory fashion, Plaintiff alleges, without any elaboration, that he is being surveilled because of his "race (being black), religion (being Muslim), and African descent." (ECF Dkt. No. 21-1, Amended Complaint at p. 5 of 35.) To properly allege an Equal Protection Claim, a plaintiff must plead: (1) adverse treatment compared with similarly situated individuals; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. Marom v. Town of Greenburgh, No. 13-CV-4733, 2015 U.S. Dist. LEXIS 21759, 2015 WL 783378, at *9 (S.D.N.Y. Feb. 23, 2015) (quoting Miner v. Clinton County, 541 F.3d 464, 474 (2d Cir. 2008)). This requires a showing of "discriminatory intent or purpose." Village of Arlington Heights v. Met. Hous. Dev. Corp., 429 U.S. 252, 265, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977); see also Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005) (holding that a plaintiff must allege "that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination" (citation omitted.) To survive a motion to dismiss, a plaintiff advancing an Equal Protection Claim must plausibly allege facts that provide at least minimal support for the proposition that the defendant was motivated by discriminatory intent. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86-87 (2d Cir. 2015); Harris v. Nassau Cnty., No.

11

13-CV-4728, 2016 U.S. Dist. LEXIS 68136, 2016 WL 3023265, at *5 (E.D.N.Y. May 24, 2016) (explaining, in *pro se* case, that "[t]o set forth factual allegations sufficient to state an equal protection claim, the plaintiff . . . cannot rely on conclusory allegations devoid of factual support.")

It is well established, however, that "[a] person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another." See United States v. Knotts, 460 U.S. 276, 281 (1983); see also Katz v. United States, 389 U.S. 347, 351 (1967) ("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection."); California v. Ciraolo, 476 U.S. 207 (1986) ("Nor does the mere fact that an individual has taken measures to restrict some views of his activities preclude an officer's observations from a public vantage point where he has a right to be and which renders the activities clearly visible.") (citing United States v. Knotts, 460 U.S. 276, 282 (1983)); Florida v. Riley, 488 U.S. 445, 450-51 (1989) (holding that an individual did not have a reasonable expectation of privacy in the contents of his greenhouse from an aerial view despite taking precautions to prevent ground-level observation)

Here, Plaintiff does not offer any supporting evidence that he was ever actually followed by NYPD, FDNY, or any other city agency because of his race or religion. Aside from photographs that Plaintiff has attached to his Amended Complaint depicting officers simply patrolling subway stations and streets, Plaintiff does not allege that any officer ever said or did anything *to* Plaintiff that would lead him to conclude that they were targeting him because of his race or religion. (See generally ECF Dkt. No. 21-1, Amended Complaint). As Plaintiff is relying on conclusory allegations that the officers followed him because of his race and religion, completely devoid of any factual support, his equal protection claim should be dismissed.

## POINT VI

## PLAINTIFF HAS FAILED TO PLEAD AN 8TH AMENDMENT CLAIM

Plaintiff lists a claim under the Eighth Amendment, but fails to provide any allegations relating to it. A plaintiff's conclusory allegation of a constitutional violation, without more, fails to state a claim upon which relief may be granted. See Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987). To allege an Eighth Amendment claim, a plaintiff must provide facts that would support such a claim. Encarnacion v. Goord, 2014 U.S. Dist. LEXIS 206985, *3 (W.D.N.Y. Nov. 6, 2014). Further, the Eighth Amendment applies only to claims of cruel and unusual punishment imposed on an individual after he has been convicted of a crime. See Whitley v. Albers, 475 U.S. 312, 318-19, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) ("The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' and consequently the Clause applies 'only after the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" (quoting Ingraham v. Wright, 430 U.S. 651, 664 (1977)). Plaintiff does not allege that he was an individual convicted of a crime at any time. Therefore, his Eighth Amendment claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants FDNY and NYPD respectfully request that the Court dismiss the Amended Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as this Court may deem just and proper.

Dated:	New York, NY
	June 14, 2024

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
 City of New York
*Attorney for NYPD and FDNY*
New York, New York 10007
(212) 356-2657

By:  *Joseph Zangrilli*
      Joseph Zangrilli
      *Senior Counsel*
      Special Federal Litigation

Cc: **BY ECF, EMAIL and FIRST CLASS MAIL**
    Babacar Dieng
    505 West 162nd Street
    New York, NY 10032
    Email: bbdieng@live.com
    PRO SE