UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
Babacar Dieng, |
Plaintiff, |
:
-against- |
:
CITY OF NEW YORK, |
NEW YORK CITY POLICE DEPARTMENT, | and
NEW YORK CITY FIRE DEPARTMENT,
Defendants. |
|-------------------------------------------------------------------- x

24-CV-01834 (AS)

**LETTER MOTION IN REPLY TO DEFENDANTS' MOTION TO DISMISS**

Dear Judge Subramanian,

I am writing in response to the Defendants' Motion to Dismiss my amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons detailed below, I respectfully request that the Court deny the Defendants' motion in its entirety.

**Specificity and Plausibility of Plaintiff's Allegations**

My complaint provides detailed, specific, and plausible accounts of the surveillance, harassment, and intimidation I have experienced at the hands of the NYPD and FDNY over a span of twenty-two years. These allegations are supported by concrete evidence, including photographic documentation and specific incidents, such as the NYPD officers' presence within minutes of my arrival at various public locations. These details go beyond mere conclusory statements and establish a compelling narrative that requires judicial scrutiny rather than summary dismissal.

It is important to clarify that the incidents mentioned in the complaint and the photographic evidence provided represent only a fraction of the total incidents that will be revealed during the discovery process. The complaint was filed in a state of frustration with the treatment I have been subjected to by the NYPD and with the desire to bring my case to the court's attention promptly. There are numerous additional incidents and detailed accounts, including those involving the FDNY's collaboration with the NYPD in surveilling and harassing me, which will be thoroughly presented as the case progresses.

**Continuous Violation Doctrine and Statute of Limitations**

The Defendants argue that my claims are barred by the statute of limitations. However, I have experienced a continuous and ongoing pattern of surveillance and harassment, invoking the continuing violation doctrine. This doctrine allows the consideration of actions outside the standard limitations period when they are part of a persistent and ongoing practice. The incidents I describe span from the early 2000s to as recent as 2024, indicating a continuous violation that should not be dismissed based solely on the statute of limitations.

**Similarities to Prior Cases of NYPD Surveillance of Muslims**

My case shares significant similarities with several cases involving the NYPD's surveillance of Muslim communities in the Tri-State area, including:

1. **Raza v. City of New York**: This case involved allegations of the NYPD conducting surveillance on Muslim individuals, businesses, and organizations without any indication of wrongdoing. The case resulted in a settlement requiring the NYPD to enact reforms and provide greater oversight (American Civil Liberties Union).

2. **Hassan v. City of New York**: This lawsuit was filed by Muslim individuals and organizations in New Jersey who claimed they were unfairly targeted by the NYPD's surveillance programs. The Third Circuit Court of Appeals ruled that the plaintiffs had standing to sue, emphasizing that targeting based on religion could violate constitutional rights (The New York Times).

3. **Handschu v. Special Services Division**: Originally filed in the 1970s, this case led to the creation of guidelines to prevent NYPD from engaging in surveillance of political and religious activities without specific justification. The case has been revisited multiple times to address ongoing concerns about NYPD practices (The New York Times).

Despite these rulings and the reforms ordered, I have continued to endure similar unconstitutional actions by the NYPD, raising concerns about the effectiveness of these measures and the accountability of the department. My experiences reflect a broader pattern of discriminatory practices and persistent violations of constitutional rights.

**Leadership and Accountability**

Over the past twenty-two years, I have been subjected to continuous persecution, surveillance, harassment, and intimidation by the NYPD under the leadership of Mayors Mike Bloomberg, Bill de Blasio, and Eric Adams, and their respective police commissioners, including Raymond Kelly, William Bratton, James O'Neill, Dermot Shea, and Keechant Sewell. The use of the city's resources and weapons to target, intimidate, and harass me based on my identity as a Muslim, Black individual of African origin is deeply troubling and warrants thorough judicial scrutiny.

**Request for Production of Search Warrants and Associated Documents**

Given the specific and ongoing nature of the surveillance and harassment I have described, I request that the court order the production of search warrants and all

associated documents related to these activities. This is crucial to establish the legitimacy and extent of the surveillance conducted by the NYPD and FDNY.

**Harsher Penalties for Continued Misconduct**

While the NYPD settled similar cases in the past, I have continued to experience the same treatment, demonstrating that previous settlements and reforms have been insufficient in preventing continued misconduct. I urge the court to impose harsher penalties on the Defendants to ensure compliance with judicial orders and to deter future violations of constitutional rights.

**Conclusion**

Considering the specific allegations, photographic evidence, and the ongoing nature of the surveillance described, I have provided sufficient grounds to proceed with my claims. The Defendants' motion to dismiss should be denied, allowing for a thorough judicial examination of my allegations and ensuring that potential violations of constitutional rights are adequately addressed.

Thank you for your attention to this matter.

Sincerely,



Babacar Dieng

**Dated: June 25, 2024**
Cc:

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
City of New York *Attorney for NYPD and FDNY*
 New York, New York, 10007 (212) 356-2657

JOSEPH ZANGRILLI
Senior Counsel
Special Federal Litigation
<ServiceECF (Law)>
ServiceECF@law.nyc.gov